UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REMO HARRISON DANIELS,

    Plaintiff,

  v.                                    Case No.  17-CV-680

BRIAN FOSTER,
SARAH COOPER,
TONY MELI,
NACHY WHITE,
CHRYSTAL MARCHANT,
CARLYN M. VOIGT,
ANNE YORK,
CO WOOD,
CO DERTER
CO CLERK
DR. SYERD
ANDREW KESSLER
DR. TORRIA M. VAN BUREN and
DR. STEVEN J. SCHMIDT,

    Defendants.

---

## REPORT AND RECOMMENDATION

---

    Plaintiff Remo Daniels, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. This matter is before me on Daniels' motion to proceed without prepayment of the filing fee (Docket # 2), motion for a refund of the initial partial filing fee (Docket # 20), and motion for sanctions (Docket # 22). Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I will issue a report and recommendation regarding the screening of Daniels' complaint. *See Coleman v. Labor and Industry Review Commission*, No.

15-3254, slip op. (7th Cir. June 16, 2017). For the reasons stated below, I recommend that Daniels' complaint against all defendants on his Eighth Amendment claims go forward; however, I recommend that Daniels' claims against Dr. Syerd for retaliation be dismissed for failure to state a claim.

*Plaintiff's Motions Regarding the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On May 19, 2017, I ordered Daniels to pay an initial partial filing fee of $20.00. (Docket # 13.) Daniels paid that fee on May 24, 2017. As such, I will grant Daniels' motion for leave to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee over time as set forth at the end of this order.

*Screening of Plaintiff's Amended Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

*Allegations in the Complaint*

On January 12, 2017, defendant Dr. Syerd prescribed "crushed" medication to Daniels because of his history with overdosing. (Compl. at 2, Docket # 1.) On December 5, 2016 and January 15, 2017, Daniels was placed in the Waupun Hospital emergency room after an overdose on medication. (*Id.*) On January 19, 2017, as defendant Anne York was administering medication, she informed Daniels that he had been taken off crushed medication and been given "whole" pills. (*Id.*) Daniels alleges that Dr. Syerd put him on whole pills again in retaliation for his overdose on January 15, 2017. (*Id.*) As a result of receiving whole pills, Daniels was able to "save up more pills" and then overdosed on acetaminophen on February 7, 2017 in the presence of defendant Dr. Torria Van Buren. (*Id.* at 3.) Daniels alleges that the other defendants told Dr. Van Buren that they knew he had a large amount of pills, but did not care. (*Id.*)

Further, Daniels wrote to the unit managers defendants Nachy White and Chrystal Marchant informing them that the security officers were not properly handcuffing him to the door for his medication restriction because "they didn't care" if he overdosed. (*Id.*) Daniels asserts that he was allowed to store a supply of pills. (*Id.*) On February 17, 2017, Daniels was caught with the pills he planned to overdose with, but it is not clear from the complaint what happened after. (*Id.* at 4.) On March 11, 2017, Daniels informed an officer that he planned to overdose using the pills he saved. (*Id.*) Around 12:00 p.m. that day, an inmate told Sgt. Voigt that Daniels planned on overdosing. (*Id.*) Around 12:35 p.m., Daniels stopped defendant Officer Clerk and told him that his stomach was hurting because he ingested a "box of pills" that was in his cell. (*Id.*) Officer Clerk informed Sgt. Voight of

the situation. (*Id.*) After speaking with Sgt. Voight, Daniels was sent to Waupun Hospital's Emergency Room before being sent to the Intensive Care Unit. (*Id.*)

Daniels alleges that the defendants have taken preventative action to prevent other prisoners from overdosing on medication, but did not take the same action for him. (*Id.*) Daniels asserts that the defendants were deliberately indifferent to his needs, failed to intervene regarding his medical care, and have not provided the correct medical treatment. (*Id.* at 5-6.)

*Analysis*

1. *Deliberate Indifference to Medical Care*

Prison officials violate the Eighth Amendment's cruel and unusual punishment proscription when they display "deliberate indifference to serious medical needs of prisoners." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2009) (internal citation omitted). The focus is not the objective seriousness of the need, but whether the defendants acted with deliberate indifference, which is a subjective standard. *Id.* (citing *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002)). "To be deliberately indifferent, the defendants must have acted with a 'sufficiently culpable state of mind.'" *Id.* (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The defendants must have knowledge about the plaintiff's serious medical need and must "consciously disregard that risk/need so as to inflict cruel and unusual punishment upon the prisoner." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)).

The Seventh Circuit recognizes "the right to be free from deliberate indifference to suicide" *Cavalieri v. Shepard*, 321 F.3d 616, 623 (7th Cir. 2003) (citing *Hall v. Ryan*, 957 F.2d 402, 406 (7th Cir. 1992)), and has likewise upheld liability where prison staff ignored an

5

inmate's visible symptoms of serious illness. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 302 (7th Cir. 2010). Deliberate indifference to a risk of suicide is present when an official is subjectively "aware of the significant likelihood that an inmate may imminently seek to take his own life" but "fail[s] to take reasonable steps to prevent the inmate from performing the act." *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006) (citing *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)). An official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and the official "must also draw the inference." *Higgins v. Corr. Med. Servs. Of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

Viewing all of the well-pleaded allegations in the complaint and construing all reasonable inferences in the light most favorable to Daniels, it is plausible that each of the defendants were subjectively aware of Daniels (i.e., that he was a risk of engaging in self-harm) and either knowingly or reckless disregarded it. Daniels alleges that he was given whole pills despite the need to receive "crushed pills" because of his history of overdosing. He alleges that Dr. Syerd and the officers knew of his history and did not care that he possessed whole pills.

Furthermore, Daniels alleges that defendants King, Jones, Elchek and other officers did not properly handcuff Daniels during the taking of his medication. Daniels explains that he would usually be handcuffed during the time he would take medication to prevent him from overdosing. Daniels states that the handcuffing procedure stopped and Daniels was allowed to store a large supply of pills. For these reasons, I recommend that Daniels be allowed to proceed on his deliberate indifference to medical care claim against all defendants.

6

*2. Retaliation*

Daniels alleges that Dr. Syerd retaliated against him by taking away his crushed medication and instead administering whole pills. Daniels alleges that this was done in retaliation for overdosing on January 15, 2017.

Prison officials violate the Constitution when they act in retaliation of a prisoner conducting a protected right. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (internal citations omitted). Even if the adverse action does not independently violate the Constitution, a prison official may still be liable if the plaintiff establishes "a chronology of events from which retaliation can be inferred." *Id.* (internal citation omitted).

Even liberally construing Daniels' complaint, it fails to state a claim of retaliation against Dr. Syerd or any other defendant. Daniels does not allege that he was engaging in a protected activity or that he suffered a deprivation likely to prevent future protected activities. For these reasons, I recommend that Daniels' retaliation claims against Dr. Syerd be dismissed.

*3. Motion For Sanctions*

Daniels further requests that defendants be sanctioned. Although the grounds for his request are somewhat unclear, it appears Daniels moves for sanctions against defendants for staff misconduct, harassment, failure to intervene, failure to investigate, retaliation, and making fun of him because of his history with self-harm. (Pl.'s Mot. for Sanctions at 1, Docket # 22.) Daniels also alleges defendants administered whole pills instead of the crushed pills. (*Id.*)

Fed. R. Civ. Proc. 11 gives a court discretion to award sanctions against a party for bad faith misconduct. *Chambers v. NASCO*, Inc., 501 U.S. 32, 44 (1991). The court's inherent

7

powers to award sanctions "must be invoked with the utmost caution." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d, 1041, 1059 (7th Cir. 1998). I do not find that sanctions are appropriate in this case. First, the allegations for the motion for sanctions overlap with the original complaint. Further, Daniels has not asserted that it has given defendants notice in order to correct the misconduct. As such, the motion for sanctions is denied.

4. *Motion for Refund of Partial Payment Fee*

Daniels is seeking a refund of the $20.00 initial filing fee because he accidentally paid the fee twice. (Docket # 20.) On two separate days, Daniels and his sister paid the $20.00 fee to the Clerk's office. Because Daniels is required to pay the entirety of his filing fee over time, I will deny his request for a refund. The second payment will be subtracted from his balance.

**NOW, THEREFORE, IT IS ORDERED** that Daniels' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Daniels be allowed to proceed with his Eighth Amendment claims against all defendants.

**IT IS FURTHER RECOMMENDED** that Daniels' retaliation claims against defendant Dr. Syerd be dismissed.

**IT IS FURTHER ORDERED** that Daniels' motion for refund of initial partial filing fee (Docket # 20) is **DENIED**

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $310.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments

to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Daniels is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

Plaintiff's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. Objections are to be submitted to institution staff, who will scan and email documents to the court. If plaintiff ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his objections to:

>    Office of the Clerk
>    United States District Court
>    Eastern District of Wisconsin
>    362 United States Courthouse
>    517 E. Wisconsin Avenue
>    Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin this 11th day of September, 2017.

>    BY THE COURT
>
>    s/ Nancy Joseph
>    NANCY JOSEPH
>    United States Magistrate Judge