UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO H. DANIELS,

                Plaintiff,

v.                                              Case No. 17-cv-680-pp

BRIAN FOSTER, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 28); DENYING PLAINTIFF'S "MOTION TO ORDER" (MOTION FOR A PEN) (DKT. NO. 58); AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 59)**

The plaintiff, a Wisconsin state prisoner who is representing himself, is proceeding on deliberate indifference claims against the defendants, based on his allegations that they failed to protect him from harming himself (when he hoarded, then overdosed on, pills). Dkt. Nos. 1, 45. On September 8, 2017, the plaintiff filed a motion for a preliminary injunction. Dkt. No. 28. On May 3, 2018, at the court's request, the defendants responded to the motion. Dkt. No. 49. Since then, the plaintiff has filed a motion asking the court to order his institution to provide him with a pen, dkt. no. 58, and a motion for the appointment of counsel, dkt. no. 59.

**I.    MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 28)**

The plaintiff filed a three-page motion entitled "Preliminary Injunctions and Temporary Restraining Order." Dkt. No. 28. He filed this identical motion in two other cases he has pending before this court, Daniels v. deBlanc, *et al.*,

1

Case No.17-cv-681, and Daniels v. Foster, *et al.*, Case No.17-cv-1080. In this single motion, he asks for injunctive relief of different kinds, against different defendants, under different circumstances.

The motion includes facts about the plaintiff's attempts to cut himself with a pen (the facts that form the basis of the allegations in this case), facts about sexual abuse, harassment and retaliation, facts about his pain medication, facts about his behavior management plan, facts about people lying about him and facts about the jail house lawyers not responding to him because officers aren't sending out his mail. At the end of the motion, he asks the court to transfer him to the Wisconsin Resource Center ("to get the right mental treatment and care") or to Green Bay Correctional Institution ("where he can get legal help and mental health by his old Dr who he got a good report with as his mental health status"). Dkt. No. 28 at 3.

The purpose of a preliminary injunction or temporary restraining order is "to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981); Crue v. Aiken, 137 F.Supp.2d 1076, 1082 (C.D. Ill. April 6, 2001). To obtain preliminary injunctive relief, whether through an injunction or a temporary restraining order, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then must balance the harm to each party and to the public interest from granting

or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

With respect to preliminary injunctive relief regarding prison conditions, Congress has stated that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). The court must also give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief [.]" Id.

When he filed this motion, the plaintiff was at Waupun Correctional Institution. Dkt. No. 28 at 3. Since then, the Department of Corrections has moved him to Green Bay Correctional Institution, one of the places to which he'd asked the court to move him. Dkt. No. 44. This fact moots—makes unnecessary—his request for a preliminary injunction or temporary restraining order.

Even if the plaintiff remained at Waupun, however, the court would deny his motion. The plaintiff's motion did not meet the requirements for injunctive relief. Particularly, the plaintiff did not demonstrate that he would suffer irreparable harm if the court did not grant his motion. The plaintiff did not allege that any of the harm he complains about in his various cases—prison staff members failing to protect him from self-harm, prison staff members

3

sexually abusing or harassing him (or failing to protect him from such abuse)—was on-going. He did not allege that the harm would continue if the court did not grant him motion. He also did not meet the requirement that he prove he had no adequate remedy at law. A "remedy at law" means money damages, and in each of the three cases, the plaintiff asked to be awarded money damages. These requests show that the plaintiff had an adequate remedy at law.

The plaintiff's request for the court to order the Department of Corrections to move him from one facility to another also is beyond the scope of what the court can order in a narrowly tailored preliminary injunction. See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'") (quoting Hewitt v. Helms, 459 U.S. 460, 467 (1983)). It is up to prison officials—Department of Corrections officials—to decide where to place inmates; for a federal court to insert itself into the placement process would be "highly intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution." Capoeria v. Pollard, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016) (citing Baird v. Hodge, Case No. 13–cv–0376–MJR–SCW, 2013 WL 6493694, at *8–9 (S.D. Ill. Dec. 10, 2013)).

Because it is moot, and because the plaintiff has not met his burden, the court will deny his motion for injunctive relief. The court will deny the motion in all three cases, for the same reasons stated above.

4

## II. "MOTION TO ORDER" (MOTION FOR A PEN) (DKT. NO. 58)

The plaintiff filed a motion asking the court to order prison staff to provide him with a pen. Dkt. No. 58. He says that he needs a pen to "address the Court and to do discovery," and that GBCI will not allow inmates to use pens. Id. The plaintiff is on the Restrictive Housing Unit at GBCI, and the complaint examiner there has explained that inmates housed in the RSU must use crayons and rubber pencils because hard plastic and metal (pens) pose a potential safety risk. Dkt. No. 63 at 2. The court understands that using a crayon to write legal documents is more difficult, and frustrating, than using a pen or pencil. But the plaintiff continues to file documents with the court despite that difficulty. In fact, on July 13, 2018, the court received from the plaintiff a motion to appoint counsel; it appears that he used both a crayon and some other writing instrument to write that motion. Dkt. No. 59. GBCI's policy is designed to keep inmates—including the plaintiff—safe, see Brim v. Stevens, No. 18-cv-24-jdp, 2018 WL 2583094, *3-4 (W.D. Wis. Jun. 4, 2018), and the court will not issue an order violating that policy. The court will deny the plaintiff's motion.

## III. MOTION TO APPOINT COUNSEL (DKT. NO. 59)

Finally, the plaintiff has asked the court to appoint a lawyer to represent him. Dkt. No. 59. In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable

efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, in this district, a plaintiff must contact at least three lawyers to find a lawyer without the court's help. He then must provide the court with the names of the lawyers he contacted, and the dates on which he contacted them, along with copies of any letters they sent to the plaintiff in response to his request for representation.

After the plaintiff demonstrates that he has made those efforts, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff states that he contacted several attorneys. The court agrees that he has made a reasonable effort to find an attorney on his own, as Pruitt requires him to do. The court will not grant the plaintiff's motion right now, however, because the court believes he can participate in discovery and respond to a dispositive motion. The court understands that the plaintiff does not have the money to hire a lawyer, has no legal training, is in segregation and

struggles with mental illness[1]. Unfortunately, this is true for many prisoners. Despite these facts, the court has been able to understand the documents the plaintiff has filed; he has been clear in stating what he wants, and why. The court finds the plaintiff can handle the initial stages of the case on his own.

The court issued a scheduling order on June 12, 2018, dkt. no. 57, and right now, the parties are exchanging discovery with each other. The deadline for completing that discovery is September 10, 2018. Id. The discovery process allows a plaintiff to ask the defendants to answer interrogatories (written questions) and produce any reports, records, or documents that the plaintiff thinks he needs to prove his claims. Fed. R. Civ. P. 33, 34. Next, the defendants will likely (but not necessarily) file a motion for summary judgment. If plaintiff believes he cannot handle litigation on his own at that point, he should renew his motion and the court will consider it at that time.

The court does note that it received a letter from the plaintiff on August 7, 2018, stating that he believes that the defendants deliberately have failed to provide him with all the video footage he has requested. Dkt. No. 65. The letter indicates that the plaintiff has been trying to work with the defendants, but that his discovery time is running out and he plans to file a motion to compel and a motion for sanctions. Id. He mentions in this letter the fact that courts have local rules governing these kinds of disputes. Id.

---

[1] The plaintiff even submitted testing results and other information to support his claim that he suffers from mental illness. Dkt. No. 64-1. He did not need to do so; the court believes him.

This court does have a local rule governing discovery disputes. Civil Local Rule 37 says, "All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the [person filing the motion] that, after [the person filing the motion] in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an [agreement]. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." The court understands that an inmate can't have a telephone conference, or an in-person conference, with the parties on the other side, so the court allows inmates to confer with the other side through letters.

## IV. CONCLUSION

The court **DENIES** the plaintiff's motion for preliminary injunction or temporary restraining order. Dkt. No. 28.

The court **DENIES** the plaintiff's motion asking the court to order prison officials to provide him with a pen. Dkt. No. 58.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 59.

Dated in Milwaukee, Wisconsin this 21st day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**