UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO HARRISON DANIELS,

                Plaintiff,

v.                                              Case No. 17-cv-680-pp

BRIAN FOSTER, *et al.*,

                Defendants.

**ORDER STRIKING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 81)**

        Plaintiff Remo Harrison Daniels is representing himself and proceeding against the defendants on claims related to the defendants' alleged failure to protect him from harming himself by hoarding, and then overdosing on, pills. Dkt. No. 45. The defendants have filed a motion for partial summary judgment. Dkt. No. 81. They argue that all but two of the defendants—Syed and York—are entitled to summary judgment because the plaintiff cannot establish that the defendants' actions violated the Constitution. Dkt. No. 82 at 2.

        The defendants filed this same motion for summary judgment in Daniels' other pending case, 17-cv-681. That is, they combined motions for summary judgment in two, separate cases into a single pleading and filed that pleading in both cases. See Dkt. Nos. 81, 82; Case No. 17-cv-681, Dkt. Nos. 95, 96. They explain they did this for three reasons: common background facts, judicial assignment (both cases are assigned to this court) and dispositive motions are due on the same date in both cases. Dkt. No. 82 at 2. The defendants did not

1

seek leave to file a combined motion, and did not move to consolidate the cases under Fed. R. Civ. P. 42 and Civil L.R. 42. The court will strike this motion as improperly filed. <u>Keaton v. Hannum</u>, No. No. 1:12-cv-00641-SEB-MJD, 2013 WL 1800577, *1 (S.D. Ind. Apr. 29, 2013) (discussing a court's inherent authority to strike impermissible pleadings) (internal citations omitted).

By the end of the day on **Wednesday, August 21, 2019**, the defendants may do one of two things: they may re-file in this case the portions of the motion that relate to this case *or* they may move to consolidate the cases (assuming they have grounds for seeking consolidation). Regardless of which option they choose, the plaintiff will have **two weeks** to respond to the defendants' motion. If the defendants file a motion for summary judgment, the plaintiff may either file a new response to that motion or rely on his previously-filed response. If he chooses to rely on his previously-filed response, he need only send a notice to the court stating that's what he would he would like to do. The defendants will have **one week** to file a reply in support of whatever motion they file.

The court **STRIKES** the defendants' motion for partial summary judgment as improperly filed. Dkt. No. 81.

The court **ORDERS** that by the end of the day on **Wednesday, August 21, 2019**, the defendants either must file a motion for summary judgment specific to this case or file a motion to consolidate.

Dated in Milwaukee, Wisconsin, this 7th day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**